Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**CHELLE & ZOLDAN, PLC**
7400 East Pinnacle Peak Rd.
Suite 204
Scottsdale, AZ 85255
Tel & Fax: 480.442.3410
MZoldan@Chelle-Zoldan.com
JMiller@Chelle-Zoldan.com
Docketing@Chelle-Zoldan.com

Attorneys for Plaintiff
Jonathan Paolino

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jonathan Paolino**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **US Airways, Inc.**, a Delaware Corporation, | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Jonathan Paolino ("**Paolino**" or "**Plaintiff**"), for his Verified Complaint against Defendant U.S. Airways, Inc. ("**US Airways**" or the "**Company**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona. At all relevant times, Paolino was an "employee" of Defendant as defined in the Americans with Disabilities Act and the ADA Amendments Act, 42 U.S.C. § 12111(4) (collectively referred to as "**ADA**").

2. Upon information and belief, Defendant US Airways is a Delaware Corporation which is authorized to conduct business and is currently doing business in the State of Arizona. At all relevant times, U.S. Airways has been Plaintiff's "employer" as defined in the ADA, 42 U.S.C. § 12111(5).

**JURISDICTION AND VENUE**

3. All acts complained of herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the ADA.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. At all relevant times, US Airways has continuously been an employer engaged in an industry affecting commerce, employing fifteen or more employees, within the meaning of the ADA.

7. Plaintiff has exhausted all administrative remedies available to him, and therefore jurisdiction is proper.

8. Personal jurisdiction in this Court is proper.

9. Venue in this Court is proper.

**FACTUAL ALLEGATIONS**

10. Paolino commenced employment with US Airways as a station coordinator

in or around April of 2013.

11. His duties as a station coordinator included auditing employee payroll reports, examining reports for fraudulent time cards, authorizing security badges, and performing other stationary functions.

12. Paolino performed his job duties consistent with US Airways policy for the entire duration of his employment with US Airways.

13. Throughout the duration of his employment with U.S. Airways, Paolino exhibited exceptional work performance. In fact, Paolino had frequently received positive feedback from his supervisor, Jesse Stewart.

14. In or around August 2012, Paolino was formally diagnosed with panic disorder. Panic disorder is a mental impairment that causes sudden debilitating attacks of fear and nervousness. Periods of time when the panic disorder are most acute are referred to as "panic attacks."

15. Panic attacks often occur without reason or warning, but are sometimes provoked by stressful events or environmental triggers. Panic attacks can vary in terms of duration as well as intensity. Some may last for hours while others last only a few minutes.

16. Paolino moderates the symptoms of his panic disorder with prescription medication.

17. Panic attacks may be marked by symptoms such as inability to breathe or derealization.

18. The panic attacks caused by Paolino's panic disorder occur without warning. The attacks are sometimes triggered by stressors that accompany Paolino's

work environment.

19. Paolino's panic disorder substantially limits several major life activities including, *inter alia*, thinking, concentrating, working, and communicating.

20. Despite his panic disorder, Plaintiff is nonetheless able to perform all essential functions of his job position.

21. Paolino suffered a panic attack at work in or around June 2013, causing him to dissociate for a period of time. Paolino's June panic attack was an outward manifestation of his panic disorder.

22. This panic attack was personally witnessed by Paolino's supervisor, Michelle Paxton.

23. As a result of the panic attack, Paxton called an Emergency Medical Service to provide Paolino with emergency medical assistance.

24. US Airways forced Paolino to leave work following the June 2013 panic attack for medical treatment. This period of time was unilaterally characterized as medical leave by US Airways.

25. Paolino suffered yet another panic attack at work on or about December 16, 2013.

26. This panic attack manifested outward symptoms, similar to the panic attack Paolino suffered six months earlier. The sub-threshold panic attack manifested in a dissociative state.

27. Dissociative states often are accompanied by symptoms such as shaking or blacking out. When dissociative states occur, the individual may be motionless or unresponsive.

28. Paolino experienced the sub-threshold panic attack while on an allotted fifteen-minute break in the US Airways break room.

29. Upon initial attempts to communicate with Paolino, US Airways' alleges that one of his co-workers found him to be unresponsive.

30. Upon information and belief, co-workers then contacted Tim James, the senior manager of airport customer service, who proceeded to the break room to witness Paolino in a dissociative state.

31. The next day, despite its knowledge of Paolino's disorder and symptoms, U.S. Airways terminated Paolino due to the incident.

32. Paolino was ostensibly terminated for violating US Airways policy, when no such policy violation occurred.

33. US Airways actually terminated Paolino due to falling into a dissociative state associated with his disability, which is unlawful under ADA anti-discrimination and retaliation provisions.

34. Even assuming, *arguendo*, that Paolino had somehow violated US Airways policy, termination for a first-time offense is inconsistent with US Airways' discipline policy. Other similarly-situated US Airways employees were not terminated for alleged first-time offenses to the discipline policy.

35. Paolino has been unable to find comparable employment since his unlawful termination despite diligent attempts to do so.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12102, *et seq.*

36. Plaintiff reasserts and realleges each and every allegation in this complaint

as if fully set forth herein.

37. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

38. Plaintiff is an employee of US Airways.

39. Plaintiff has a physical or mental impairment that substantially limits several major life activities.

40. Plaintiff is qualified to perform the essential duties of his position with or without a reasonable accommodation.

41. Defendant is an employer under the ADA.

42. Defendant knew of Plaintiff's limitations.

43. Defendant treated Plaintiff disparately as compared to other similar situated non-disabled employees because of his disability.

44. Defendants discriminated and retaliated against Plaintiff by terminating him for exhibiting symptoms of his disability.

45. Such termination constitutes an unlawful discharge as contemplated by the ADA.

46. Plaintiff's disability was the unlawful cause of Defendant's discriminatory conduct.

47. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

48. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT 2
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12102, *et seq.*

49. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

50. The ADA prohibits retaliation against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

51. Plaintiff engaged in protected activity under the ADA.

52. Defendant retaliated against Plaintiff by terminating him due to his panic disorder symptoms manifesting at work.

53. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

54. As a result, Plaintiff has been damaged in an amount to be proven at trial.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant US Airways, as follows:

A. An award of damages for all counts in an amount to be proven at trial;

B. An award of back pay and front pay in an amount to be proven at trial;

C. An award of compensatory and punitive damages in an amount to be proven at trial; and

D. Reasonable attorneys' fees and other expenses under the ADA pursuant to 42 U.S.C. § 12117 (deferring to Title VII remedial structure allowing award of attorney's fees (*see* 42 U.S.C. § 2000e-5(k)).

E. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTUFLLY SUBMITTED July 25, 2014.

**CHELLE & ZOLDAN, PLC**

By: /s/ Michael Zoldan
7400 E. Pinnacle Peak Rd. Ste. 204
Scottsdale, AZ 85255
Attorneys for Plaintiff Jonathan Paolino

## VERIFICATION

Plaintiff Jonathan Paolino declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Jonathan Paolino