**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Paolino, | No. CV-14-01672-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| US Airways Incorporated, | |
| Defendant. | |

Before the court is the Motion to Extend Plaintiff's Expert Disclosure Deadline (Doc. 41). Plaintiff's prior counsel withdrew from this case on March 13, 2015, two weeks after the initial deadline for disclosing expert witnesses lapsed on February 27, 2015. (Doc. 34; Doc. 30 at 2.) Plaintiff's current counsel entered an appearance on March 18, 2015, and moved without opposition to extend certain discovery deadlines later that day. (Docs. 36, 37.) The proposed revised scheduling order that Plaintiff attached to that motion noted that the deadline for his expert disclosures had already passed (Doc. 37-1 at 2), as did the Amended Scheduling Order issued by the court (Doc. 40 at 2.) Now, three weeks after obtaining a new schedule, Plaintiff seeks to extend the deadline for his initial expert disclosures to April 22, 2015.

Plaintiff cannot show sufficient justification for such an extension. Prior counsel apparently determined, in their professional judgment, that experts were unnecessary to Plaintiff's case. That Plaintiff did not personally acquiesce in this decision is irrelevant. Litigants are bound by their attorneys' conduct, and retention of new counsel who views

the case differently does not entitle them to reset the court's clear case management deadlines, on which opposing parties must be able to rely.  Even if prior counsel's determination was in error, it does not follow that Plaintiff's Motion should be granted; tactical misjudgments are not a license to prolong litigation.  In any event, it is not clear that Plaintiff must call experts in order to prevail.  Plaintiff does not explain exactly what types of experts he would call, or how those experts would be crucial to proving either causation or damages.  A bare assertion that Plaintiff "needs expert testimony to prove his case under the ADA" (Doc. 41 at 5) is unpersuasive.

Amending the scheduling order again at this late date could also prejudice Defendant.  From the time this action was filed in July 2014 until the original disclosure deadline in February 2015, prior counsel had seven months to locate possible expert witnesses.  After stipulating to Plaintiff's March 18, 2015 Motion to Extend Discovery Deadlines (Doc. 37), which recited that Plaintiff's time for disclosing expert witnesses had passed, Defendant should be free to focus on preparing its own case, rather than anticipating testimony from untimely witnesses.  The court would not have granted that motion had Plaintiff made clear he would later attempt to use it to obtain extension of a contested deadline to which Defendant did not consent.

IT IS THEREFORE ORDERED that the Motion to Extend Plaintiff's Expert Disclosure Deadline (Doc. 41) is denied.

DATED this 9th day of April, 2015.

_____
Neil V. Wake
United States District Judge